**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| Antonio Maurice Delk, | Case No. |
| | **Complaint** |
| Plaintiff, | |
| | |
| v. | Jury Trial Demanded |
| | Fed. R. Civ. P. 38(b) |
| Jaclyn Johnson Tuma, in her individual capacity, | |
| Daniel Michael Misgen, in his individual capacity, | |
| Cody Elvin Johnson, in his individual capacity, | |
| and the City of Minneapolis, | |
| | |
| Defendants. | |

---

For his Complaint, Plaintiff Antonio Maurice Delk ("Delk") states and alleges as follows:

**PARTIES AND VENUE**

1.      Plaintiff Antonio Maurice Delk is a resident of Stearns County, Minnesota.

2.      Defendant Jaclyn Johnson Tuma ("Tuma") is, upon information and belief, a citizen of Minnesota. Tuma served as a Minneapolis Police Department officer on June 2, 2022. Tuma acted under color of state law at all material times. She is sued in her individual capacity.

3.      Defendant Daniel Michael Misgen ("Misgen") is, upon information and belief, a citizen of Minnesota. Misgen served as a Minneapolis Police Department officer on June 2, 2022. Misgen acted under color of state law at all material times. He is sued in his individual capacity.

1

4.      Defendant Cody Elvin Johnson ("Johnson") is, upon information and belief, a citizen of Minnesota. Johnson served as a Minneapolis Police Department officer on June 2, 2022. Johnson acted under color of state law at all material times. He is sued in his individual capacity.

5.      Defendant City of Minneapolis is a municipality incorporated in the State of Minnesota and a citizen of Minnesota. The Minneapolis Police Department is an agency of the City of Minneapolis.

## JURISDICTION

6.      The plaintiff brings this action pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and 28 U.S.C. §§ 1331 and 1343(a)(3). These statutory and constitutional provisions confer original jurisdiction of this Court over this matter.

7.      The events giving rise to this action occurred in Hennepin County, Minnesota. Venue is proper under 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

8.      On June 2, 2022, Delk was sitting in a vehicle in a Wendy's parking lot in Minneapolis.

9.      An unknown person fired gunshots in the area. Delk was struck along with the vehicle that he was driving at the time (the "Vehicle").

10.     Delk went to a nearby hospital and checked himself in to be treated for injuries from the gunshots.

11.     The Vehicle was legally parked outside the hospital.

2

12. The defendant officers sought to interrogate Delk and search the Vehicle and Delk's possessions. The officers' suspicion was based solely on a hunch without factual support that Delk was anything more than an unwitting victim in the shooting.

13. Defendant Cody Johnson blocked the Vehicle in its parking spot and attempted to enter the Vehicle. However, the Vehicle was locked.

14. Defendant Cody Johnson caused the Vehicle to be towed because it was locked.

15. Defendant Misgen interrogated Delk while Delk was receiving preliminary treatment for his gunshot wound.

16. Delk reported that he was just a victim caught in an unexpected attack.

17. Defendant Misgen commented that he expected to find a gun in the Vehicle despite no factual basis supporting that assumption.

18. Defendant Misgen directed another officer to seize Delk's clothing.

19. Delk did not consent to the seizure of his clothing, and there was no legal basis for officers to seize Delk's clothing.

20. Following the interrogation, Defendant Misgen falsely suggested that Delk had been uncooperative with officers. In fact, Delk had been very cooperative, even despite challenging circumstances given his medical condition.

21. Officers proceeded to have the Vehicle towed from the hospital parking lot to conduct a further search. Officers seized the vehicle without consent or legal basis.

22. While officers were seizing the Vehicle and interrogating Delk, other officers were at the scene of the Wendy's. At Wendy's, other vehicles also had bullet damage.

3

Despite the damage, officers did not seize or search the other vehicles. Other vehicles and persons who were attacked left the scene. Officers did not seek out those persons or attempt to search their vehicles as they had done with Delk.

23.     Witnesses at Wendy's confirmed that Delk was a victim in the attack and did not participate in the attack himself.

24.     Evidence collected from the scene supported that another vehicle contained the shooters. The evidence did not support that Delk was involved in any purported criminal activity himself. The evidence supported that Delk was merely a victim of the attack.

25.     On June 6, 2022, Defendant Jaclyn Tuma filed a search warrant application to permit a search of the Vehicle.

26.     A warrant was issued based upon that application.

27.     The search warrant application contained numerous false and misleading statements. Such statements included that Delk was uncooperative with officers and that Delk was the intended target of the assault. Tuma also baselessly claimed that items in the Vehicle would aid in identifying the motive and shooters despite no evidence known to officers at the time supporting that claim. Officers failed to report that other vehicles were also present with damage and were not similarly seized or searched. Officers falsely suggested that Delk took measures to conceal the Vehicle or his transportation to the hospital.

28. If false and misleading information in the warrant application had been omitted or corrected, a warrant would not have issued. Officers would have lacked a factual and legal basis to obtain a warrant or conduct a search of the Vehicle.

29. After the warrant issued, officers searched the Vehicle.

30. During the unlawful search of the Vehicle, officers found contraband that was unrelated to the shooting. Based on that illegal search, Delk was charged with criminal offenses.

31. Delk's defense attorneys challenged the unlawful search and false search warrant affidavit. The court in that matter found that the defense had met its burden to obtain a *Franks* hearing. The court held that when the false and misleading statements were corrected, there would not be probable cause for a warrant to issue.

32. Delk's prosecution was voluntarily dismissed by the prosecutor before the hearing could occur.

33. Due to the misconduct of the officers, Delk was subjected to invasion of privacy, stigma, and trauma. Delk was prosecuted unlawfully for an offense based on evidence illegally collected by officers. Delk incurred substantial costs, including bail related to the improper prosecution based upon the unlawful conduct by the defendants. Officers also seized currency from Delk, which has not been returned.

34. The officers' conduct supports that the unlawful seizure and search was knowing and intentional. Officers deliberately made false and misleading statements to support a search that they knew was otherwise unjustified.

35. The officers' actions were done maliciously and in deliberate disregard to Delk's constitutional rights.

36. The City of Minneapolis has a custom of officers making false claims to support searches based on nothing more than a hunch.

37. Multiple complaints have been filed from civilians alleging that officers fabricated evidence to falsely support searches or seizures. Upon information and belief, the City fails to adequately investigate or timely resolve said complaints.

38. Multiple civil lawsuits have been filed against Minneapolis police officers alleging that they have lied to falsely support searches and seizures. Upon information and belief, the City has failed to address or correct the issues identified in these lawsuits.

39. In criminal prosecutions, courts have held that Minneapolis police officers have made false or misleading claims to falsely support searches or seizures. Upon information and belief, the City has failed to correct these issues.

40. Investigations by the Minnesota Department of Human Rights and Department of Justice found widespread and longstanding customs of officers making false claims to support seizures and searches. The agencies found that the City failed to correct these issues and that the City was aware of its inadequate disciplinary system that allowed these issues to persist.

41. The longstanding customs, as well as complaints, lawsuits, and judicial findings, have put the City on notice that officers engage in violations of Fourth Amendment rights by providing false or misleading information to unlawfully justify

searches and seizures. The City's failure to address these issues or implement an effective disciplinary system demonstrates the City's deliberate indifference to this issue.

42. Further, the unlawful conduct in this matter would have been prevented by adequate training or supervision of the involved officers.

43. The City failed to provide adequate training or supervision to prevent known circumstances that contributed to the constitutional violations in this matter.

### CAUSES OF ACTION

**Count 1 – 42 U.S.C. § 1983 – Fourth Amendment Violation –
Unlawful Search and Seizure and False Warrant
Defendants Tuma, Misgen, and Johnson**

44. The plaintiff realleges Paragraphs 1-43 of this Complaint as if fully stated herein.

45. Defendants Tuma, Misgen, and Johnson acted under color of state law while performing the acts described herein.

46. These defendants deprived the plaintiff of his Fourth and Fourteenth Amendment rights through the actions described herein.

47. The defendants unlawfully seized and searched the Vehicle and the Defendant's possessions.

48. The defendants conspired to make false and misleading statements on a search warrant application to cause the unlawful issuance of a search warrant. Without these false and misleading statements, a search warrant would not have lawfully issued because there was not probable cause. Due to the false and misleading statements, a search warrant issued and unlawful searches and seizures occurred.

49.     The defendants violated constitutional rights that were clearly established at the time of the incident.

50.     As direct and proximate result of the acts of the defendants, the plaintiff suffered injuries and other harms that entitle him to damages.

51.     The defendants subjected the plaintiff to deprivations of his rights in such a manner as to render the defendants liable for punitive damages, which are necessary to deter future improper conduct.

52.     The plaintiff is entitled to fully recover his costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988.

### Count 2 – 42 U.S.C. § 1983 – *Monell* Liability
### Defendant City of Minneapolis

53.     The plaintiff realleges Paragraphs 1-43 of this Complaint as if fully stated herein.

54.     Before this incident, the City of Minneapolis had continuing and persistent customs of officers conducting illegal searches based on false and pretextual justifications.

55.     The City of Minneapolis had notice that these customs were occurring.

56.     Despite notice, the City of Minneapolis failed to maintain an effective disciplinary system or adequate training or supervision to ensure that such misconduct did not occur.

57.     The circumstances that contributed to the unlawful conduct here were also referenced in findings by the Minnesota Department of Human Rights and Department of Justice.

58.    The City of Minneapolis failed to provide adequate supervision and training that would have prevented the violations that harmed the plaintiff.

59.    The City of Minneapolis engaged in deliberate indifference and ratification due to its failure to address the misconduct effectively.

60.    The plaintiff was harmed by circumstances created by the City of Minneapolis.

61.    As a direct and proximate result of the acts and omissions of the City of Minneapolis, the plaintiff suffered injuries and other harms that entitle him to damages.

62.    The plaintiff is entitled to fully recover his costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff prays for judgment as follows:

1.    For money damages against the defendants jointly and severally in an amount to be determined at trial;

2.    For punitive damages against Defendants Tuma, Misgen, and Johnson;

3.    Prejudgment interest, costs, attorney's fees, and disbursements allowed by law; and

4.    For such other and further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**LAW OFFICE OF ERIC A. RICE, LLC**

Date: June 24, 2024

_s/Eric Rice_
Eric A. Rice (MN #0388861)
1 W. Water St., Ste. 275
St. Paul, MN 55107
P: (651) 998-9660
F: (651) 344-0763
eric@ricedefense.com

*Attorney for the Plaintiff*